*Jason Lee Harris*
_____
Name and Prisoner Number/Booking Number

*113830*
_____
Place of Confinement   *ASPC - TUC307 - Cimarron*

~~2250 W Lower Buckeye Road~~   *P.O. BOX 24409*
_____
Mailing Address

~~Phoenix, AZ 85009~~   *Tucson, AZ 85734*
_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

*Jason Lee Harris* ,
_____
(Full Name of Petitioner)

Petitioner,

v.

*Ryan Thornell; Kristin Meyer* ,
_____
(Name of Warden, Jailor or authorized person
having custody of Petitioner)

Respondent.

CASE NO.   CV-25-00548-TUC-JGZ--MSA
_____
(To be supplied by the Clerk)

**PETITION UNDER 28 U.S.C. § 2241
FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN ~~FEDERAL~~ CUSTODY**
                   ~~STATE~~

## PETITION

1.  What are you challenging in this petition?
    ☐  Immigration detention
    ☒  Bureau of Prisons sentence calculation or loss of good-time credits
    ☐  Probation, parole or supervised release
    ☐  Other (explain): _____

2.  (a)  Name and location of the agency or court that made the decision you are challenging: _____
    *Arizon Dept. of Corrections Rehabilitation & Reentry*

    (b)  Case or opinion number: *CR2025-115509-001 and* ☒

    (c)  Decision made by the agency or court: *Exhibit - A*
    _____
    _____

    (d)  Date of the decision: *7-25-2025*
    _____

530

3.  Did you appeal the decision to a higher agency or court?    Yes ☑    No ☐

If yes, answer the following:

(a)  First appeal:

    (1)  Name of the agency or court: _ADOC RR_

    (2)  Date you filed: _07-25-2025_

    (3)  Opinion or case number: _RT 2025 717 11112644_

    (4)  Result: _Denied Programming for good time credits_

    (5)  Date of result: _07-25-2025_

    (6)  Issues raised: _A.R.S. § 41-1604.07(B)(1) - Ability to program to enjoy 3 Days for Every 7 Days Per Drug Possession Conviction_

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(b)  Second appeal:

    (1)  Name of the agency or court: _____

    (2)  Date you filed: _____

    (3)  Opinion or case number: _____

    (4)  Result: _____

    (5)  Date of result: _____

    (6)  Issues raised: _____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(c)  Third appeal:

    (1)  Name of the agency or court: _____

    (2)  Date you filed: _____

    (3)  Opinion or case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

4.    If you did not appeal the decision to a higher agency or court, explain why you did not: _____

_____

_____

_____

5.    Other than the appeals listed above, have you filed any other petitions, applications or motions concerning the issues raised in this petition?        Yes ☐        No ☒

If yes, answer the following:

(a) Name of the agency or court: _____

(b) Date you filed: _____

(c) Opinion or case number: _____

(d) Result: _____

(e) Date of result: _____

(f) Issues raised: _____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

6.    For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.** Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**CAUTION:** <u>To proceed in the federal court, you must ordinarily first exhaust (use up) your available administrative remedies on each ground on which you request action by the federal court.</u>

**GROUND ONE:** Denied Earned Release Credits in accordance with A.R.S. § 41-1604.07(B)(1) by ASPC-TUCSON-Cimarron Unit or particular Units contrary to Central Office protocal Exhibit-"A". This APPLICATION IS FILED PURSUANT TO TITLE 28 USCS § 2241 OR GRANT WRIT OF HABEAS CORPUS

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

INFORMAL COMPLAINT RESOLUTION, EXHIBIT-B WAS FILED REGARDING THE DENIED PROGRAMMING OR INABILITY TO PROGRAM AT ASPC-TUCSON-CIMARRON UNIT. PETITIONER IS IN CUSTODY IN STATE V. HARRIS CASE NO. CR2025-115509-001 AND CR2025-118561-001 FOR POSSESSION OF DANGEROUS DRUGS. PURSUANT TO A.R.S. § 41-1604.07(B)(1) PETITIONER EARNS 3 DAYS FOR EVERY 7 DAYS GOOD TIME CREDITS IF HE IS ALLOWED TO PROGRAM. PETITIONER AND CONTRARY TO CENTRAL OFFICE PROTOCAL, SEE EXHIBIT-A HAS BEEN DENIED PROGRAMMING AT ASPC TUCSON-CIMARRON UNIT HIS CURRENT HOUSING-LOCATION. THESE ACTS VIOLATE THE SUBSTANTIVE DUE PROCESS PROTECTIONS AFFORDED PETITIONER WHILE IN ADCRR CUSTODY-JURISDICTION

(b) Did you exhaust all available administrative remedies relating to Ground One?     Yes ☒     No ☐

(c) If yes, did you present the issue to:
   ☐ The Board of Immigration Appeals
   ☐ The Office of General Counsel
   ☐ The Parole Commission
   ☒ Other: ADCRR — CENTRAL OFFICE -PHX-AZ

(d) If you did not exhaust all available administrative remedies relating to Ground One, explain why:

**GROUND TWO:** _____

_____

_____

_____

_____

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you exhaust all available administrative remedies relating to Ground Two?    Yes ☐    No ☐

(c) If yes, did you present the issue to:
☐ The Board of Immigration Appeals
☐ The Office of General Counsel
☐ The Parole Commission
☐ Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground Two, explain why:

_____

_____

_____

_____

_____

_____

_____

5

**GROUND THREE:** _____

_____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b)  Did you exhaust all available administrative remedies relating to Ground Three?  Yes ☐      No ☐

    (c)  If yes, did you present the issue to:
            ☐ The Board of Immigration Appeals
            ☐ The Office of General Counsel
            ☐ The Parole Commission
            ☐ Other: _____

    (d)  If you did not exhaust all available administrative remedies relating to Ground Three, explain why:

_____

_____

_____

_____

_____

_____

_____

6

**GROUND FOUR:** _____

_____
_____
_____
_____
_____

(a)  Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b)  Did you exhaust all available administrative remedies relating to Ground Four?    Yes ☐    No ☐

(c)  If yes, did you present the issue to:
        ☐ The Board of Immigration Appeals
        ☐ The Office of General Counsel
        ☐ The Parole Commission
        ☐ Other: _____

(d)  If you did not exhaust all available administrative remedies relating to Ground Four, explain why:

_____
_____
_____
_____
_____
_____

**Please answer these additional questions about this petition:**

7.   Are you challenging your conviction or sentence in any of the grounds raised above? Yes ☐          No ☑
(Claims challenging a federal conviction or sentence may only be raised in a motion under 28 U.S.C. § 2255,
unless the § 2255 motion is legally inadequate or ineffective.)

   If yes, answer the following:

   (a)   Have you filed a motion under 28 U.S.C. § 2255?          Yes ☐          No ☑

      If yes, answer the following:

      (1)  Name of court: _____

      (2)  Case number: _____

      (3)  Opinion or case number: _____

      (4)  Result: _____

      (5)  Date of result: _____

      (6)  Issues raised: _____
         _____
         _____
         _____

      **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

   (b)   Explain why the remedy under § 2255 is inadequate or ineffective: *Issue is in regards to*
   *good time credits and Senate Bill 1310 - in State of Arizona*
   _____
   _____
   _____

8.   If this case concerns immigration removal proceedings, answer the following:

   (a)   Date you were taken into immigration custody: _____

   (b)   Date of removal or reinstatement order: _____

   (c)   Did you file an appeal with the Board of Immigration Appeals?   Yes ☐          No ☐

      (1)  Date you filed: _____

      (2)  Case number: _____

      (3)  Result: _____

(4)  Date of result: _____

(5)  Issues raised: _____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(d)  Did you file an appeal with the federal court of appeals?    Yes ☐    No ☑

(1)  Name of the court: _____

(2)  Date you filed: _____

(3)  Case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

9.    Petitioner asks that the Court grant the following relief: _MINE AN INDEPENDANT AUDIT OF TIME COMPUTATION EXHIBIT-C. RELEASE PRISONER/PETITIONER ON THE CALCULATED DATE IN ACCORDANCE WITH A.R.S. §41-1604.07(B)(1) MAY 23, 2027._

_____

or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)

I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _September 30, 2025_ (month, day, year).

_____    *Pro Se*
**Signature of Petitioner**

_____    _September 30, 2025_
**Signature of attorney, if any**        **Date**

9

EXHIBIT - A

## ARIZONA DEPARTMENT OF CORRECTIONS REHABILITATION & REENTRY

For distribution: Copy of corresponding Inmate Letter must be attached to this response.

**Inmate Letter Response**

| | |
|---|---|
| Inmate Name (Last, First, mi) | ADC Number: |
| **HARRIS, JASON** | **113830** |

**Institution/Unit:  EYMAN/ A32 ASPC-E BROWNING MHW**

| | |
|---|---|
| From: | Location: |
| **Stacey Crabtree, Calculation, Records and Population Management Administrator** | **Calculation, Records, & Population Management** |

**Log Number:  TC-25-1391**

Your letter has been received by the Office of the Director of the Arizona Department of Corrections, Rehabilitation & Reentry (ADCRR) and has been forwarded to my department to respond.

In your recent correspondence, you inquired about your eligibility for "good time credits" as outlined in A.R.S. § 41-1604.07.  These "good time credits" have already been applied to your sentences and have been in effect since you arrived into ADCRR custody.

A.R.S. § 41-1604.07 outlines that each prisoner who is in the eligible earned release credit class shall be allowed to earn release credits. In relation to your cases - Maricopa CR2025-115509-001 and CR2023-118561-001 cases, you are currently earning release credits at a rate of one (1) credit for every six (6) days served, as indicated in  A.R.S. § 41-1604.07(B)(2). The result after applying all the release credits earned is a projected prison release date of Absolute Discharge 11/06/2027.

Additionally, your sentences qualify for the Drug Possession Release (DPR) under A.R.S. §41-1604.07(B)(1). However, it is important to note that you have not yet fulfilled all necessary criteria to fully benefit from this provision. Once you meet these requirements, your sentences will be adjusted to allow you to earn three (3) days for every seven (7) days served. It is imperative that you complete one of the major programs as specified in Department Order (DO) 1002 Attachment E.

To facilitate this process, it is recommended that you schedule a meeting with Correctional Officer III M. Tassone to explore potential enrollment in the Major Programs available to you. Upon successful completion of a major program, your projected release dates will be reassessed accordingly.

RT 2025 717 11112644

CC: COIII M. Tassone ASPC Eyman, Browning Unit

| | |
|---|---|
| Staff Signature | Date: |
| *[signature]* | **07/25/2025** |

EXHIBIT - B



**Arizona Department of Corrections Rehabilitation and Reentry**

**Inmate Informal Complaint Resolution**

*Complaints are limited to one page and one issue.*

*Please print all information.*

| INMATE PRINTED NAME *(Last, First M.I.)* | ADCRR NUMBER | INSTITUTION/UNIT | DATE *(mm/dd/yyyy)* |
|---|---|---|---|
| Harris, Jason Lee | 113830 | ASPC-Tucson, Cimarron II | 09-29-25 |

| TO | LOCATION |
|---|---|
| Grievance Coordinator | 4-D-06 |

State briefly but completely the problem on which you desire assistance. Provide as many details as possible.

I CONTACT BY LETTER TO INFORMALLY RESOLVE THE FOLLOWING MATTER: ON THIS DATE OF 09-25-25 I ATTEMPTED AND ASKED FOR ME SEEKING ADA MATTER, ENTITLED TO ADJ USED DUE TO OTD ISSUE AS SUPERVISED EATING AT A SPECIAL GROUP UNIT 25 AT DUAS AS RELIGIOUS DIETARY TO BE SUE PER SO HAD, AND AS THE ADA STAFF HAS ASKED TO ICRR HAS NOT BEEN REPLY TO. I AM ATTEMPTING TO INFORMALLY RESOLVE THE FOLLOWING MATTER IN ACCORDANCE WITH TITLE 42 U.S.C. § 1997e PRISON LITIGATION REFORM ACT: IN REFERENCE # CCI-A2C620003152217 (INMATE LETTER), I CLAIM IN VIOLATION OF DO 925 INMATE PROGRAMMING THAT I HAVE BEEN DENIED PROGRAMMING AT THE ASPC-TUCSON-CIMARRON II IN VIOLATION OF ARIZONA LAW A.R.S. § 41-1604.07(B)(1). NOTWITHSTANDING I AM IN THE CUSTODY OF THE ARIZONA DEPT. OF CORRECTION FOR DRUG OFFENSE, UNDER CRIMINAL CASE NO. CR2025-115101-001 AND CR2023-118561-001. NONETHELESS SUCH I SUE ARE RAISED TO PENDING POST-CONVICTION RELIEF OUT (SUPERIOR COURT, MARICOPA COUNTY) UNDER RULE 33(d), OF THE ARIZONA RULES OF CRIMINAL PROCEDURE - FOR DENIED PROGRAMMING THAT INTERFERES WITH MY EARNING 3 DAYS FOR EVERY 7 DAYS GOOD TIME CREDITS UNDER A.R.S. § 41-1604.07(A). SENATE BILL 1310, I CLAIM THAT IN VIOLATION OF THE DUE PROCESS CLAUSE § 300, e.g., Sandin v. Huntersnach, 601 N.W.2d 360,34 -6 (Texas 1999) (holding that Texas' good time statute created a liberty interest because it would inevitably affect the length of time the prisoner served; after Sandin, the statute need not be mandatory to create a liberty interest).

RESOLUTION: SEEING THEREFORE THAT I HAVE A LIBERTY INTEREST TO PROGRAM UNDER A.R.S. § 41-1604.07(B)(1) AND DO 925-INMATE PROGRAMMING TO ENDORSE (DPR) SAVE POSITION RELEASE I REQUEST TO BE IMMEDIATELY PLACED IN A MAJOR PROGRAM TO SATISFY THE REQUIREMENTS UNDER A.R.S. § 41-1604.07. PERHAPS I FILE THE FEDERAL HABEAS CORPUS UNDER TITLE 28 U.S.C. § 2241 - CONCERNING THIS MATTER. See, United States v. Miller, 871 F.2d 488, 1989 U.S. A___ LEXIS 4433 (4th Cir. 1989).

[ON OCTOBER 1, 2025 IF NO ANSWER SHALL PROCEED, I WILL FILE FORMAL GRIEVANCE]

| INMATE SIGNATURE | DATE *(mm/dd/yyyy)* |
|---|---|
| | September 28-25 |

Have you discussed this with institution staff? ☐ Yes  ☐ No

If yes, give the staff member name? Concern JC-8'1

Distribution:   INITIAL: White and Canary or Copies – Grievance Coordinator; Pink or Copy – Inmate
FINAL: White – Inmate; Canary – Grievance Coordinator File

802-11
11/16/21

EXHIBIT-C



**Arizona Department of Corrections, Rehabilitation & Reentry**

# Sentence Calculation Worksheet

Page 1 of 1

| Name | JASON HARRIS | Location | TUCSON, TUCSON CIMARRON | ADCRR# | 113830 |
|---|---|---|---|---|---|
| | | | C62 CB4D06B | | |

## Sentence Worksheet: Commitment Count M1

| | | | Intake Audit Status | VERIFIED BY TIME COMP 06/10/2025 | |
|---|---|---|---|---|---|
| Ruling Status | | Final Ruling | Status | Active | Offense Date | 04/09/2025 |

| Ruling Status | | Final Ruling | Status | Active | Offense Date | 04/09/2025 |
|---|---|---|---|---|---|
| Case Number/CR# | | 2025-115509-001 | Sentence Gap Days | 0 Days | Escape + Abscond Days | 0 Days | Custody Gap Days | 0 Days |

## Sentence Release Date Summary

| Item | ACIS Calculated Value | Item | ACIS Calculated Value |
|---|---|---|---|
| Date Sentenced | 06/03/2025 | Community Supervision Begin Date | Ineligible |
| Jail Credits | 53 Credits | Absolute Discharge Date | 11/23/2027 |
| Sentence Begin Date | 4/11/2025 | Probation Extended Days | 0 Days |
| Term Imposed Days | 1095 Days - 3 Y, 0 M, 0 D | | |
| Sentence Expiration Date | 4/10/2028 | | |
| Flat Time to Complete | 799 Days - 2 Y, 2 M, 9 D | | |
| Temporary Release Days | Denied | | |

## Earned Credit and Class III Information

| Earned Credit Information | ACIS Calculated Value | | Class III Information | ACIS Calculated Value |
|---|---|---|---|---|
| | M1 | ALL | Days on Class III | 120 Days |
| Projected Release Credits | 139 | 0 | - Recissions | 0 Days |
| Released Credits to be Earned | 120 | 0 | = Available for Recission | 120 Days |
| Earned Release Credits to Date | 19 | 0 | Time Not Earned from Class III | 17 Days |
| - Forfeitures | 0 | 0 | | |
| + Restorations | 0 | 0 | | |
| = Available for Forfeiture | 19 | 0 | | |
| Not Eligible for Restoration | 0 | | | |
| Pending Mandatory Forfeitures | 0 | | | |

Generated: 09-15-2025 14:03